```
                    United States District Court
                      District of Massachusetts
_____
                              )
William F. Carney,            )
                              )
        Plaintiff,            )
                              )
             v.               )    Civil Action No.
                              )    19-11352-NMG
Metropolitan Property & Casualty )
Insurance Company,            )
                              )
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of an insurance claim submitted by plaintiff William F. Carney ("plaintiff" or "Carney") pursuant to his flood insurance policy issued by Metropolitan Property & Casualty Insurance Company ("Metropolitan") in its capacity as a "Write-Your-Own" insurance carrier which participated in the National Flood insurance Program.

Pending before the Court is the motion of Metropolitan for summary judgment.

**I.  Background**

  **A. Parties**

Plaintiff William Carney, who appears pro se, is a resident of Framingham, Massachusetts.  He initially brought this action

against the Federal Emergency Management Agency ("FEMA") and Metlife Insurance for damages arising from the denial of his claim under a flood insurance policy. All claims against FEMA were dismissed for lack of subject matter jurisdiction and failure to state a claim. The name of the original defendant insurance carrier was amended from "Metlife Insurance" to Metropolitan, which is the insurance carrier of the flood insurance policy pursuant to which plaintiff brings his claim and the sole remaining defendant.

**B. Statutory and Regulatory Background**

Congress passed the National Flood Insurance Act ("NFIA") in an effort to provide relief to individuals affected by flood disasters. 42 U.S.C. § 4001. NFIA seeks to provide a

> reasonable method of sharing the risk of flood losses through a program of flood insurance which can complement and encourage preventative and protective measures.

42 U.S.C. § 4001(a). To further that congressional objective, NFIA authorized the creation of the National Flood Insurance Program ("NFIP") to be administered by FEMA. FEMA subsequently implemented the Write-Your-Own ("WYO") Program which authorizes private insurance companies to issue federal Standard Flood Insurance Policies ("SFIPs"). 44 C.F.R. § 62.23. WYO companies issue SFIPs in their own names but authorized claims and expenses are paid from the National Flood Insurance Fund. Id.

WYO companies serve as "fiduciar[ies]" and "fiscal agents" of FEMA in administering SFIPs, but they are not general agents of FEMA. § 62.23(f),(g). Federal regulations further provide that, in the event of litigation, "the Federal government is not a proper party defendant in any lawsuit arising out of [a SFIP]." § 62.23(d), (g). The WYO company that issues the policy is the proper defendant even though the federal government is responsible for expenses incurred in defending the litigation. § 62.23(i)(6).

**C. The Policy and Plaintiff's Claim**

Metropolitan, in its capacity as a WYO company, issued to Carney Dwelling Form SFIP No. 9903009568 ("the Policy"). See 44 C.F.R. Pt. 61, App. A(1).

On January 12, 2018, plaintiff reported to Metropolitan that his property had been damaged by "flooding and high seas". Based upon an inspection by an independent claims' adjuster, Metropolitan denied plaintiff's claim by letter dated March 28, 2018. Plaintiff responded by letter in May, 2019, that Metropolitan had failed to address a portion of his claim in its denial. Thereafter, Metropolitan denied the remaining portion of his claim by letter dated May 30, 2018.

Plaintiff filed the instant lawsuit on June 18, 2019. He seeks approximately $241,000 in damages incurred as a result of

the flood and for violations of Massachusetts General Laws, Chapters 93A and 176D.

## II. **Defendant's Motion for Summary Judgment**

### A. Jurisdiction

This Court has jurisdiction pursuant to 42 U.S.C. § 4072, which authorizes an individual who receives a claim denial from a WYO company to

> within one year after the date of mailing of notice of disallowance or partial disallowance . . . institute an action against the [issuer] on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072.

### B. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co._,_ 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc._,_ 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

Pursuant to federal regulations, this case is governed "exclusively by the flood insurance regulations issued by [FEMA], [NFIA] and Federal common law." 44 C.F.R. Pt. 61, App. A(1), Art. IX. Furthermore, the terms and conditions of a SFIP are strictly construed and uniformly implemented. See, e.g., DeCosta v. Allstate Ins. Co., 73 F.3d 76, 83-83 (1st Cir. 2013)

("Because the federal government is liable for claims brought under SFIPs issued by private insurers, the Constitution mandates strict compliance with the SFIP." (footnotes omitted)).

**C. Application**

Metropolitan moves for summary judgment on the grounds that: 1) Carney failed to comply with the procedural requirements of his SFIP; 2) Carney's lawsuit is time barred and 3) his state law claims are preempted and barred by federal law. A finding for Metropolitan on any of its proffered grounds is sufficient for the Court to enter summary judgment in its favor.

Article VII(J)(4) of plaintiff's SFIP sets forth the procedural requirements of submitting a claim of flood damage to insured property ("Proof of Loss"):

> [i]n case of a flood loss to insured property, you [the insured] must . . . [w]ithin 60 days after the loss, send us [the issuer] a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you. . .

44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4).

The United States Court of Appeals for the First Circuit has described the Proof of Loss requirement as an insured's "official claim of damages". Decosta, 730 F.3d at 78. In Decosta, the First Circuit held that the plaintiff's failure to submit a compliant written Proof of Loss barred any claim arising out of his SFIP. Id. at 87; see also Phelps v. FEMA, 785

F.2d 13, 19 (1st Cir. 1986) ("[F]ailure to submit a written proof of loss, coupled with the absence of a waiver of this requirement by FEMA, constitutes a valid defense to recovery on the [SFIP]."). Courts in other jurisdictions that have considered this issue have uniformly concluded likewise. See, e.g., Jacobson v. Metropolitan Prop. & Cas. Ins. Co., 672 F.3d 171, 175 (2d Cir. 2012) ("While we have not specifically addressed the interpretation of SFIP proof-of-loss requirements, many of our sister circuits have done so and have uniformly held that those requirements must be strictly construed and enforced." (collecting cases)); Suopys v. Omaha Prop. & Cas., 404 F.3d 805, 810 (3rd Cir. 2005) ("Thus, we join a number of other Courts of Appeals in holding that strict adherence to SFIP proof of loss provisions, including the 60-day period for providing proof of loss, is a prerequisite to recovery under the SFIP.").

It is undisputed that plaintiff did not submit to Metropolitan a written statement of Proof of Loss. Carney submits that he is nevertheless entitled to proceed with his claim in this Court because Metropolitan "stonewalled" him by insisting that it would send him a Proof of Loss form but failed to do so. The First Circuit has unambiguously held, however, that

> [a]s a matter of federal law, it is the policyholder's responsibility to submit timely proofs of loss regardless of whether his insurer's adjuster provides him with a form.

Decosta, 730 F.3d at 78. That holding is consistent with the regulatory text, which explains that

> [t]he insurance adjuster whom [the insurance company] hire[s] to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is matter of courtesy only . . . .

44 C.F.R. Pt. 61 App. A(1), Art. VII(J)(7).

Plaintiff's claim of detrimental reliance on the representations of the insurance adjuster are also unavailing. The complete text of the SFIP is published in the Federal Register and is therefore binding on Carney "regardless of actual knowledge . . . or of the hardship resulting from innocent ignorance." See Richmond Printing L.L.C. v. FEMA, 72 Fed. Appx. 92, 98 (5th Cir. 2003) (quoting Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947)).

In a last-ditch effort to excuse his failure to file a Proof of Loss, Carney claims that because Metropolitan never issued a complete and final denial of his claim, a Proof of Loss statement is not yet due. Carney misunderstands, however, that the date of a final denial of his claim is irrelevant to the Proof of Loss requirement. A Proof of Loss form is due "within 60 days <u>after the loss</u>" incurred by the plaintiff regardless of

whether or when a claim is denied. 44 C.F.R. Pt. 61 App. A(1), Art. VII(J)(4) (emphasis added).

Carney has therefore failed to establish a genuine issue of material fact regarding whether he timely submitted a Proof of Loss form. His failure to act in compliance with the unambiguous terms of his SFIP bars recovery in this Court. Accordingly, summary judgment will be entered in favor Metropolitan.

**ORDER**

For the foregoing reasons, the motion of defendant Metropolitan Property & Casualty Insurance Company for summary judgment (Docket No. 17) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 9, 2020